Mr. Waddell, please call the next case for argument. Mr. Bates, we'll hear from you first. Thank you, your honor. May it please the court, this is Hank Bates with Carney Bates Emporium in Little Rock, Arkansas for the plaintiff, Sean Smith. We can hear you fine. Great. Big picture here, the court erred in two principal ways. First, the court dismissed a claim that was not challenged in the motion to dismiss, not addressed in the order, not specifically ruled on. That is reversible error. Second, the district court construed a conformity clause in Farm Bureau's insurance policy to not apply the laws that do not have private right of actions. In doing so, it rewrote the contract. The policy language includes no such exception. And this exception swallows the rule, because in Arkansas, the laws and regulations related to insurance, none of them include private right of actions, so adding that exception renders it meaningless. The court simply should have honored the contract as written when it failed to do so. That was reversible error. So turning to the first error, the court dismissed a claim that was not challenged and the court did not rule on. As you know from the briefing, this case is about how Farm Bureau adjusts claims for total loss and specifically relates to an adjustment that they apply, which they call the projected sold adjustment when doing a comparable vehicle analysis and determining actual cash value. Plaintiffs had two counts, one for breach of contract, one for declaratory judgment, and under each count, two distinct claims or theories. The first claim is summarized in paragraph four of the complaint, and it is grounded in regulation 43. Regulation 43 is the primary law in Arkansas, or regulation, that applies to how claims adjusting is done. The insurance policy includes a conformity clause. Plaintiffs argue, therefore, that regulation 43 is incorporated into the contract through that conformity clause, and regulation 43 requires a certain amount of specification and disclosure when applying any adjustment. Specifically, all adjustments must be measurable, discernible, itemized, specific, appropriate, and fully explained. The claim is this adjustment is impermissible because it does not meet those minimum requirements. But then plaintiffs have a wholly second claim, and that is a direct challenge to the projected sold adjustment as a fallacy. And here we argue that it is not based in actual market realities. It's contrary to how the used car industry works in terms of Internet marketing. It's contrary to how inventory management works in terms of turning the vehicles to get them off the lot. And it's contrary to sound appraisal standards where you do not make assumptions without verifiable data. So it's simply a direct challenge to the projected sold adjustment as a fallacy. And... Are you talking about the first cause of action in the complaint now? We have two causes of action. One is breach of contract, and one is declaratory judgment. So two counts. Within the count, there are two claims. There are two different ways that the contract was breached. Why did you plead it that way? Why don't you plead each claim separately? Well, you can do it either way under the pleading standards. You can have a breach of contract and list multiple ways, or you can have two breach of contract claims. Well, what paragraphs do we look at to know the two different ways you say you're claiming breach of contract? There's no subdivision within the cause of action. They're just six paragraphs listed there. Yes. Where's the claim you're referring to now? Which paragraph? Within... I can show you throughout the complaint, but if we turn to the breach of contract... All right. I thought you were saying we can tease it out from... Well, no, Your Honor. If you turn to paragraph 37, we say it was breached in three ways, A, B, and C at the end. The first two are the substantive challenge, that it's an arbitrary challenge. It's an underlying fallacy. And then we specify more. It's contrary to industry practice and consumer experiences, and therefore not reflective of the vehicle's fair market value. A and B is a substantive challenge that has nothing to do with Regulation 43. And then in C, we're basically tracking the language in Regulation 43 that we argue is incorporated into the complaint through the conformity clause. That's unmeasurable, indiscernible, non-itemized, unspecified, and unexplained. And this division of the claim also tracks, if you go back to the introduction. In paragraph four, it tracks Regulation 43 and the fact that it's not measurable, discernible, itemized, et cetera. Paragraph five says, moreover, and then tracks A and B of the count that is basically saying it is a fallacy. It has no basis within the...with the market. Well, it's hard to be too critical of the District Court for not understanding that you are pleading multiple claims in paragraph 37. For me, there's certainly better ways to lay that out. Well, we think we have laid it out sufficiently to the extent we have not. We asked for the opportunity to amend so that we could, if need be, segregate them out. As you know, under the Federal Rules of Civil Procedure, the right to amend is supposed to be freely provided. That request was, frankly, ignored and it wasn't even ruled upon. We also filed a motion for clarification where, again, spelled out that we're indeed making two claims. So to the extent... Counsel, just to confirm, did you file a motion to amend or not? I don't recall. We did not file a motion to amend. We filed... In opposing a motion to dismiss, one can simply, under the set law in the Eighth Circuit, state one's willingness to amend or request the opportunity to amend to the extent the court has concerns and is going to dismiss. As is the course in that context, the courts will, in some instances, dismiss with one opportunity to amend. We got no opportunity to amend. Again, the court didn't even address... That's an Eighth Circuit case that says that that's sufficient. Do you have one handy there? I do. I know we have cases that say you can't just... We've affirmed refusals to allow leave to amend when the party doesn't submit the proposed amendment and just says something about how we'd like to amend, but you seem to be saying the opposite, that all you have to do is say, if we lose, we'd like to amend, and then the court is obliged to allow it. So I wondered if you have a case that says that. I might not... We have Wisdom v. First Midwest Bank of Poplar Brough, 167 Fed 3rd 409. Okay. We'll look at that, thank you. Say, on your conformity clause claim, could you specify what it is you think about the policy that conflicts with the laws of the state? Yes, I mean, I think that... The conformity clause says that the insurance company will change any terms that conflict with the laws of the state. Which terms do you say conflict with the laws of the state and how? The policy doesn't meet the minimum standards of Regulation 43. If you look at, I think, Illinois Farmers v. Glass Service Company, the Minnesota case we cite from 2004 is particularly instructive here in terms of the conflict. I mean, there, the court said that you have to look at whether or not it meets the minimum standards of the law, and let me just pull that case up. That's Supreme Court of Minnesota case you're referring to, right? Yes, Supreme Court of Minnesota case. In that case, the insurance policy set out a method of claim arbitration, and the plaintiff argued that that method of claim arbitration didn't meet the minimum standards of the Minnesota No-Fault Act. Like the Minnesota No-Fault Act, excuse me, like here, the Minnesota No-Fault Act does not have a private cause of action. And like here, the insurance policy had a conformity clause. And the court said, I'm quoting here, when an insurance policy contains a conformity clause, as farmers' policies do, that clause amends all policies, terms, and conflict with Minnesota law to conform to those laws. Right, so I'm just asking you to identify here which term of the policy do you say conflicts with the law of the state of Arkansas so I can track your analogy to the Minnesota case. It's the failure to include the language that meets the minimum standards, and that's what the court found in Minnesota. It said, quote, unless the policy provides greater protection for the insured than the No-Fault Act, the terms of the policy must be conformed to the provision of the act. So the conflict is the fact that the policy does not include the requirement that the adjustment be specified, et cetera. Does it matter that we've held that that duty runs to the state and not the policyholder? In other words, the state can enforce that, it seems to me, under our design professionals' case. But we've held that in other contexts, that's not incorporated into a policy. How do you get around that issue? In those other contexts, there was no conformity clause. So when you have the conformity clause... Again, the conflict here is based on a duty owed to the state, so I'm not sure the policy conflicts vis-a-vis the policyholder. And I may be wrong there, but that's what I'm struggling with. Well in this instance, Regulation 43 is the primary insurance regulation that deals with this exact area. Yes, there's a duty that runs to the state, but there's also, it sets out policy, and this court has also ruled that contracts generally incorporate laws and public policy at the time that they're entered into. Of course, in design professionals, we didn't find that was the case, and I understand there was no conformity clause there, but in general in that case, we found it was not. Is that fair? Two things on that. The most important is there was no conformity clause. I would also point out that in design professional, in the first part of the case, as we discussed in the briefing, the court actually incorporated a law with no prior variety of action into the contract, analyzed the issue, and then found that the defendant had not violated that law. So there's internal inconsistencies within design professionals, but setting those aside, there was no conformity clause. And here there is a conformity clause that says it incorporates Arkansas law. There is no exception for laws without private rights of action, and we're simply asking the court to construe the contract as written. Farm Bureau is asking the court to create an exception, and frankly, be an exception that swallows the rule. There are no Arkansas laws that have private right of actions. That's not how they're set up in the insurance context. There aren't. Obviously, there's laws outside that context, but within the insurance context, there is not. So in this instance, the norm is to construe a contract as written. In the insurance context, the norm is to construe a contract consistent with Arkansas law and policy, and the norm is to construe an insurance contract in favor of the insured. The district court went against all three of those. What would be the typical conformity situations? Would it be where the law requires a certain amount of coverage, say, in an auto policy, and the insurance policy doesn't have the right limits, or where would this typically come into play? Your Honor, I think this is one of the typical instances in claims adjusting, and just hear me out. The same issue came up in Louisiana and Florida, and the court found that it was part of a conformity clause. Of the seven cases we could find dealing with conformity clause in the insurance context, two are actually exactly on point. So based upon the case law I've seen, that would be the most typical instance I've been able to find. That's two out of seven. The others were on separate issues. So I do want to save a little bit of time for rebuttal. You may. Thank you. You may save the balance. Yes, sir. Mr. Waddell, we'll hear from you. Thank you, Your Honor. May it please the court. I am William Waddell, representing Southern Farm Bureau Casualty, and I want to start where Mr. Bates started. He says he has two claims. I would agree with you, Judge Colleton, that it would be hard to fault Judge Wilson for not seeing that, particularly when you read paragraph 38, which follows paragraph 37, where he says Farm Bureau's policy, he's not suggested anything alternative here. He says Farm Bureau's policy and duties to insurers must be construed in the context and consistent with Arkansas law, and then he refers to Regulation 43. So we think what happened, and it's clear from the judge's order, that he dismissed the contract claim. Whatever is in that contract claim was dismissed, and we intended to challenge it all because we believe that once you distill out all of the things that they're saying, that without Regulation 43, they do not have a cause of action for breach of contract. So that is our position on that, and we've addressed that. Briefly on the leave to amend, we've addressed this at the very end of our brief, and there is a case, if I may cite to the court, it's Wolgin, W-L-G-I-N versus Simon, 722 Fed 2nd, 389, and we believe that there's more to it than just expressing a willingness. As the court understands, when someone seeks to amend, they need to attach their proposed amendment, and this court addressed that in that Wolgin case. So if I may move to the way the argument was articulated in the briefs, there's been a little bit of an evolution of the claim, particularly as we get to this Illinois case based on Minnesota law that Mr. Bates talked about, and I want my comments not to suggest anything negative towards Mr. Bates. He's a fine lawyer and we're good friends and work well together. He's done an excellent job here for his client, but he articulates the issue first at page two of his opening brief as whether Regulation 43 can serve as a basis for construing the policy. And he says where that term is undefined in the policy itself. So in answer to your question, Judge Carlton, what I think their position was below and as of the time of the appeal was that actual cash value is not defined in the policy, and therefore you should construe it in conjunction with Regulation 43. Well, we think that that question is answered directly by the Design Professionals case, which says, and we quote this in our brief, but it says, we conclude that the district court erred in holding that Rule 43 was incorporated into the Chicago MEC insurance policy. And it talks about, as Judge Kobisch said there, about the duty created by that. This is a claims practices statute. The duty created there runs to the state. It can be enforced by the state. But what they're asking the court to do here, in our opinion, in my opinion, is to allow a private right of action to actually regulate claims practices through a class action procedure. I think that's a matter for the legislature if they want to do that. It's not a matter here when it's a claims practices case. So the way the question was asked, what's the typical situation when you have a conformity clause? And some of the cases that we've all cited, they deal with this issue. For example, in one of the cases, the issue is a motorcycle, a motor vehicle. And so they had to construe that. Then they had to look to a statute to do that. Another example, which is closer to, I think, what your Honor was asking, is this Carner case, I think it was, or either that or Castaneda, two of the cases we've cited. They talk about having to give, we have liability automobile insurance coverage, uninsured motorist coverage. So that's implied, that's where it's conforming, it's silent in the policy in that case. And they said because uninsured motorist coverage is required by statute, we're going to conform the policy to require that. But to my knowledge, and I've looked carefully at this, there are no cases that say claims practices acts, like Rule 43, or Regulation 43, are incorporated into a policy like they're suggesting. So what about these district court cases that are cited by the plaintiff from Louisiana and Florida, are you familiar with those? I am, your Honor. Slade and Richardson? Yes, your Honor. The Richardson case, as the court will see, there is a private right of action under their Trade Practices Act for certain things, but there was not one created for the issue in this particular case. And so they don't give any analysis, and this is what's difficult. They're asking, the appellant here is asking you all to rule this way without looking at cases that give analysis, and I'm going to cite one to you that they use. But it does hold, as he says, it does hold that this policy is conform or reform to include the provision that's not in the policy. And that's the Richardson case. The one that's, the Slade case, does involve the same software issue, the Mitchell reports, and again, these are based on those states' laws and different conformity clauses than ours where it doesn't talk about a conflict, it just, in one it says if it fails to conform, the other one, if I can find it here, they're not the same as ours, but those two cases would be contrary to our position if they represent the law. But neither one of them actually addresses any of the analysis that we think is really important in this case. And the Kentucky case that we cite in our brief, and I'm sorry I'm not pulling it right here, but I can quote from you to it, cite you to it here from my notes, it is Kentucky League of Cities Inc. vs. General Reinsurance Corporation. This is a case they cite in their opening brief at page 19. It's 174 FedSep 2nd 532, Western District, Kentucky. We would distinguish that just like we would the Richardson and Slade cases. Different conformity clauses, different kinds of case law related to how you incorporate things, but in this case, they give some good analysis, I would submit, and they say there's two times when you would incorporate. One is does the statute impose an affirmative obligation upon an insurance vendor to include a provision in its policy? That's the first instance that this Kentucky case says. That is not what Regulation 43 does. It does not require its provisions to be in the policy. It is a claim settlement practices case. The second instance that this Kentucky case says is where a statute specifically proscribes certain provisions from inclusion. So if it said you can't have this particular provision in your contract, then we're going to conform it. That I would submit gives this court and maybe the Arkansas Supreme Court at some point some tangible elements to try and apply, but neither one of those are addressed in the Slade or the Richardson case, the Louisiana, Florida cases the court asked about, and neither one of them, neither one of those situations that's in this Kentucky League of Cities case would apply here. I think the distinction, Your Honor, if I just may continue with this, is that this claim settlement practice is something that it clearly is not a private cause of action. So it's to be enforced by the state with the duty rented to the state, and the design professional not only answers it, but it seems to me like it draws a distinction here that we don't have a private right of action to enforce claim settlement practices in Arkansas. There's no case on this point. And Mr. Bates in his briefing points this out, that there's really no conformity case like this in Arkansas. There's not a case that says what does a conformity clause do in this type of context. So in that sense, this is a case of first impression in that regard. So the policy's not silent, as they say in their first point, on what cash value is, actual cash value. It talks about it at page 17 of the policy. And you can't really construe actual cash value by applying Regulation 43. It doesn't define the actual cash value. The policy says what it is at page 17. All that Regulation 43 does is talk about the method that you would use that to pay for a total loss situation. I thought we both have cited to the court a real recent case in Arkansas from 2020, Bates v. USAA, from Arkansas Court of Appeals. And it's interesting to me. We both make different, I guess, interpretations of it. But from my standpoint, it supports our theory of the case. There is a mention of Regulation 43. And the judge there, Judge Brandon Harrison, says it's at play. But the case goes off on other statutes that are in Arkansas law that apply or that define actual cash value. So what I think is important for us to see here is they could have done exactly what the appellant here wants to have done. But they decided the case based on other statutes that define actual cash value. I will submit that I looked at those. One of them deals with total loss situations. But the other one deals with health insurance, I think, context. I'm not sure that if I was being critical of the Bates case that I might not draw some distinctions between it and our case. But I don't believe that, and that's the most recent case on this issue. That's the highest court in Arkansas that's addressed this issue. There's something close to it that hasn't addressed this issue. It does not do what they say. So with all of that in mind, Your Honor, I'd be happy to answer any questions. But otherwise, I think we've covered the issues. I have a question. Let's put 4G Rule 43 out. That's disregarded. But doesn't he have a breach of contract claim that stands independent of any claim of Rule 43? I don't believe he does, Your Honor, based on paragraph 38 of the complaint. I think the district court dismissed the contract claim because the distinction I think that they're trying to make now was without a difference based on their saying that you have to construe the policy in light of Regulation 43. In other words, they don't have a standalone claim, a breach of contract claim? I don't believe they do, based on their own pleading, Your Honor. Paragraph 38, I think, is part of their breach of contract claim. And it says you construe the policy and the duty consistent with Rule 43. I think it's implied in both of them, Your Honor. Okay. Well, thank you for your answers. And I also think, Your Honor, that Design Professionals answers that question as well. Hold on a second. Suppose they hadn't pleaded the Rule 43 in there, Regulation 43. Suppose they had just pleaded that you breached the contract because when you calculated actual value, you didn't do it in a measurable, discernible way. And didn't explain it and so forth. Could that be a standalone contract claim? Not the way Your Honor has just stated it. Because I think what the only standard that would say it has to be in a measurable, discernible way under the policy is by reference to Rule 43. The policy says we're going to pay actual cash value. And it's going to include these things. That's at page 17 of the policy. There's actually no, in my view, there's no allegation that we didn't do what the policy said. We did pay those things, pay the actual cash value, taking into consideration those things. I don't believe the way it's articulated that they have. Perhaps there's some way they could have, Your Honor. I don't want to disregard the intent of your question, but I don't believe that they did. Well, I take your answer to be that if they're just parroting what's in Regulation 43 and claiming a breach of contract, then you think they don't have a right of action for that because they're just trying to bring a claim under Rule 43. If they just said you didn't pay actual cash value and left it at that, that would be independent of Rule 43, wouldn't it? That could conceivably be, yes, Your Honor. I guess you would say it would depend on then how they develop that claim, whether they end up arguing a Rule 43 theory or something else. And here, we had to take them at their well-pleaded complaint, and I think we all understood that it was one claim for breach of contract modified by Paragraph 38. Thank you, Your Honor. I appreciate the opportunity to argue. All right. Thank you, Mr. Waddell. Mr. Bates, we'll hear from you in rebuttal. You'll have to turn on your microphone first so we can hear. Okay. I apologize. Thank you. Again, plaintiffs did make a substantive claim. The core of that claim has nothing to do with Regulation 43. And Paragraph 38 is just tying Regulation 43. That's why it's separate is because it is focusing in on 43. If you go back to 37, A and B of that is the substantive claim. C is the Reg 43 claim. And then if you go back through the complaint in Paragraphs 5 and 19 and 20, we spell out in more detail the substantive claim. One note on Betts in my final time, which Mr. Waddell just spoke about. Betts is interesting. It's not a conformity clause context. It's just a context where a court's trying to figure out what to do in an actual cash value context. And in that case, as the court's trying to construe the contract, it looks to Regulation 43 to figure out how to construe the contract. And it says it is in play. As Mr. Waddell noted, that's the language it uses. And then it looked at Regulation 43, and it looked at the language of the contract, and it said, eh, they're a little bit different, but it's a distinction without a difference. And as Mr. Waddell said, it moved on. So it didn't. I think what's interesting about Betts is it's the Arkansas Appellate Court actually looking to Reg 43 to construe a contract. It determined it didn't make a difference because that contract was consistent with Reg 43, and it moved on. Well, Mr. Betts, if your client made a substantive non-Rule 43 stand-alone claim, why didn't the district court address it? I can't answer that, Your Honor. We waved our arms. Go ahead. Do we have to remand for a determination of that issue? That is exactly what I'm asking. I mean, you would say it's wrong. I'm sure your opponent would say, no, the case is over. I mean, that's exactly what we're asking. That's why we filed a motion to clarify. We were trying to get the record full because we made the argument in opposition to motion dismissed, we waved our arms around more in the motion to clarify, and we got a one-sentence minute order. So that is the error here. We got ignored out of court, basically. I like that statement. I'm going to write that down. We got ignored out of court. It's the first time it's happened in my career. Well, do you have a contract theory that's independent of Regulation 43? Yes, Your Honor. Again, Regulation 43 relates to how much detail has to be provided. The idea of Regulation 43 is when you do actual cash value, you have to provide enough detail so that the insurer can figure out what the heck that adjustment was about. If you don't do that, it's impermissible. Setting aside the level of detail, our core claim is that the adjustment is a fallacy. It's this idea that you can use a price different than the Internet price is contrary to appraisal standards, and it has no connection to the way the Internet-used car market works. They aren't negotiable. We'll put that case on. We'll have experts in their appraisals. We'll have experts in the used car market in terms of how Internet pricing works, etc. But we're just at the motion to dismiss stage now, asking to come into the court and put that case on. All right. Thank you for your argument. Thank you to both counsel. The case is submitted, and the court will file a decision in due course.